**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QURAN INGRAM, | No. CIV S-08-1921-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| DVI, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On August 22, 2008, the court directed petitioner to resolve the fee status for this case within 30 days of the date of the order.  Petitioner was warned that failure to comply may result in dismissal of this action.  See Local Rule 11-110.  To date, petitioner has not complied.

      The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Having weighed these factors, the court finds that dismissal for failure to comply with the court's order to resolve the fee status for this case is an appropriate sanction.

        In addition to dismissal for lack of prosecution, this case may be appropriate for summary dismissal.  Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In this case, it plainly appears that petitioner is not entitled to relief for any one of several reasons.

        First, petitioner has not exhausted state court remedies.  The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims.  In particular, plaintiff states in the petition that he did not file any direct appeals or post-conviction actions in state court.   Moreover, petitioner has not alleged that such remedies are no longer available.

        Second, petitioner is challenging a 90-day period of incarceration apparently based on a parole revocation by the Board of Prison Terms.  However, petitioner states that this period of incarceration ended on August 12, 2008.  Therefore, plaintiff fails to meet the "in-custody" requirement of § 2254.

Finally, plaintiff pleaded guilty to the charge resulting in the parole revocation. A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and Parker v. North Carolina, 397 U.S. 790 (1970)). Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary). See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980). This rule is known as the "Tollett rule." Petitioner does not raise in the instant petition any claims relating to the validity of his guilty plea. The claims he does raise are, therefore, not cognizable.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE